# United States Tax Court

T.C. Memo. 2025-116

JOHN R. GRAHAM AND NICOLE GRAHAM,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 4044-24.                    Filed November 13, 2025.

————

*Sarah Green* and *Olla Jaraysi*, for petitioners.

*Justin B. Thomason* and *Christopher D. Bradley*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, *Judge*: Respondent determined a deficiency of $3,686 for 2022. The issue for consideration is whether petitioners are entitled to an earned income tax credit (EITC) for Angela Davis.[1]

Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts are stipulated and so found. The Stipulation of Facts and the attached Exhibits are incorporated herein by this

---

[1] At trial petitioners conceded that they were not eligible for the EITC for Rayquan Graham.

[*2] reference.  Petitioners lived in Alabama when their Petition was timely filed.

Petitioners were married when they timely filed their 2022 federal income tax return.  On their tax return they claimed an EITC for Angela Davis, petitioner wife's sister.  In 2022 Ms. Davis was 64 years old, and she did not file a joint tax return.

OPINION

Generally, the Commissioner's determinations set forth in a Notice of Deficiency are presumed correct, and taxpayers bear the burden of showing the determinations are erroneous.  Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).  Petitioners do not contend that the burden of proof should shift to respondent under section 7491(a).

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to a deduction or credit.  *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934).

Section 32(a)(1) permits an eligible individual an earned income credit against that individual's income tax liability.  The amount of the credit varies depending on whether the taxpayer has one qualifying child, two qualifying children, three or more qualifying children, or no qualifying children.  § 32(b).  A "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c).  § 32(c)(3)(A).

To be considered a qualifying child an individual must (1) bear a relationship to the taxpayer as described in section 152(c)(2); (2) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meet the age requirements described in section 152(c)(3); and (4) not have filed a joint return with the individual's spouse for the taxable year.  §§ 32(c)(3)(A), 152(c)(1).  The parties agree that Ms. Davis met the first and fourth requirements.  Respondent contends that the Ms. Davis did not meet the second and third requirements.

Section 152(c)(3) provides the rules for the age requirement. Generally, an individual meets the age requirement if he or she has not reached the age of 19 at the close of the calendar year or is a student and has not reached the age of 24.  § 152(c)(3)(A).  Section 152(c)(3)(B) provides a special rule for an individual who is permanently and totally

**[\*3]** disabled. If an individual meets the definition of permanently and totally disabled, he or she will be treated as meeting the age requirements. § 152(c)(3)(B). An individual is permanently and totally disabled if "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." § 22(e)(3).

Petitioner husband testified credibly that Ms. Davis lived with petitioners for more than six months in 2022. Additionally, he testified that Ms. Davis suffered a stroke and was not able to care for herself and was confined to a wheelchair. The record did not include any documentation to support the assertion that Ms. Davis lived with petitioners for more than six months in 2022 or that she was permanently and totally disabled. Petitioner husband's testimony without supporting documentation is not enough to show that petitioners met the statutory requirements. Accordingly, they have not met their burden of proof and are not eligible to claim an EITC for Ms. Davis.

To reflect the foregoing,

*Decision will be entered for respondent.*